## DAUPHIN & AL. vs. SOULIE.

Three-fourths    APPEAL from the court of probates, of the
of the creditors
on the bilan,    parish and city of New-Orleans.
are necessary
to a forced res-
pite.            MATHEWS, J. delivered the opinion of the court.
                 In this case the appellees proceeded against
their creditors, for the purpose of obtaining
a respite, which was accorded to them by a
number of persons whose names were placed
upon their bilan as creditors; and who appear-
ed at the meeting, which took place according
to the order of the court, before the notary
public therein designated. The proceedings

of the case were regularly homologated, with-
out any opposition by the present appellant;
whether he had been cited in the case is not
shewn by the record; in which, however, his
name appears as a creditor, and also as ap-
pellant.

The case is brought up without statement of
facts, or bill of exceptions, and errors are as-
signed as being apparent on the face of the
record. The appellant's right of appeal is op-
posed by the counsel of the appellees, as not
being a party to the suit, and not having ap-
peared and made opposition to the homologa-
tion of the proceedings which were had be-
fore the notary. If he were not cited in the
manner prescribed by law (and it is not shewn
that he was) he cannot, with propriety be con-
sidered as a party in the action. But it is clear-
ly shewn, that he was at the time of instituting
proceedings against their creditors by the ap-
pellees, one of those creditors. In conformity
then with the doctrine on appeals as establish-
ed by *Partida* 3, 23, 4, he has a right to sustain
his appeal; and we do not believe that this
right ought to suffer any derogation, on ac-
count of no opposition having been made by
him to the homologation of the proceedings.

East'n. District.
*March*, 1825.

DAUPHIN & AL.
*vs.*
SOULIE.

The record shews clearly that no express consent to the respite asked by the appellees, was given by a majority of the creditors, equal to three-fourths in number and amount; if this number and amount be estimated according to the bilan, and not in pursuance of the number of those who actually appeared at the meeting, and swore to the credits. A respite is a privilege granted to a debtor, and always derogatory to the rights of creditors who are in a minority, by changing their contracts without consent on their part. Effect should not be given to it, unless obtained under strict observance of law. We are of opinion that to count absentees amongst the number of assenting creditors, would not be in conformity with the letter and spirit of our law which regulates respites.

The fair presumption is, that a creditor who does not appear at a meeting, intends to assent to no change or alteration of his rights, but means to hold to his original contract.

In this view of the subject, it is evident that in the present case, a legal majority of the creditors have not granted the respite. The judgment is, therefore, in relation to those who have not assented thereto, erroneous and void,

as shewn by matters apparent on record; and as it may whilst standing unreversed, injure the appellant.

East'n. District,
*March* 1825.

DAUPHIN & AL
*vs.*
SOULIE.

It is ordered, adjudged and decreed, that as to him it be avoided, reversed and annulled, and that the appellees pay the costs of this appeal.

*Seghers* for the plaintiffs, *Dennis* for the defendant.